**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

———————————

MILTON G. LEE,

           Plaintiff - Appellant,

      v.

R. GREEN, also known as Reggie
Green, Staff Representative; D.
LIPPY, also known as Darrel Epperly,
Disciplinary Officer,

          Defendants - Appellees.

No. 99-7026
(D. Ct. No. 97-CV-649-S)
(E.D. Okla.)

———————————

**ORDER AND JUDGMENT** *

———————————

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

———————————

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff, an inmate in the custody of the Oklahoma Department of

———————————

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Corrections, filed this suit against defendants under 42 U.S.C. § 1983 seeking compensatory and punitive damages for alleged constitutional violations that resulted from his absence at two prison disciplinary hearings. The district court dismissed plaintiff's civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e) (2)(B)(I). Plaintiff argues on appeal that the district court erred in finding that his complaint lacked merit in law or fact. We affirm.

On October 21 and 22, 1996, while incarcerated at the Mack Alford Correctional Center in Stringtown, Oklahoma, plaintiff received two misconduct reports for disobeying the orders of prison officials. On the date that the disciplinary hearings were convened to consider the two misconduct reports, plaintiff was being transported to the Oklahoma State Penitentiary and was therefore unable to attend the hearings. The hearing officer was unaware of the reason for plaintiff's unavailability and assumed that he was refusing to attend. Plaintiff was found guilty of both incidents of misconduct. The hearing officer imposed punishment that included loss of earned credits, placement in the disciplinary unit, and monetary fines. Following an appeal by plaintiff, the hearing officer's findings were reversed, the misconduct was expunged from plaintiff's record, and plaintiff's punishments were abolished. Thus, the only punishment inflicted upon plaintiff was his detention in disciplinary segregation pending the resolution of his appeal.

We agree with the district court that this case is controlled by __Sandin v. Conner__, 515 U.S. 472 (1995). As in __Sandin__, plaintiff has failed to demonstrate that his confinement and segregation during the administrative appeal process implicated a protected liberty interest. See __id.__ at 486 (holding that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"). We also agree with the district court that the allegations in plaintiff's pro se complaint are vague and conclusory. Construing this pro se complaint and all of the filings in this court liberally, as we must under __Haines v. Kerner__, 404 U.S. 519, 520-21 (1972), we find that none of the allegations in the filings below and in this court rise to the level of a constitutional violation. Therefore, we hold that this appeal is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). Accordingly, the order of the district court is AFFIRMED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge